IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| CAMBRIDGE BUSINESS SOLUTIONS, INC., a Kentucky corporation,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>QUINSTREET, INC., Delaware corporation and NARROWCAST GROUP, LLC, a Kentucky limited liability company,<br><br>　　　　　Defendants. | Case No.: 3-12-cv-243-S<br><br>Judge: |

## COMPLAINT WITH JURY DEMAND

　　　Plaintiff Cambridge Business Solutions, Inc. complains against defendants QuinStreet, Inc. and NarrowCast Group, LLC, as follows:

### NATURE OF THE ACTION

　　　1.　　This is an action for copyright infringement and arises under the copyright laws of the United States, Title 17.

### THE PARTIES

　　　2.　　Plaintiff Cambridge Business Solutions, Inc., ("Cambridge") is a Kentucky corporation having its principal place of business at 2821 S. Hurstbourne Parkway, Suite 1, Louisville, Kentucky, 40220.

　　　3.　　Upon information and belief, defendant QuinStreet, Inc., ("QuinStreet") is a Delaware corporation having its principal place of business at 950 Tower Lane, 6th Floor, Foster City, California, 94404.

1

4.Upon information and belief, defendant NarrowCast Group, LLC, ("NarrowCast") is a Kentucky limited liability company having a place of business at 10400 Linn Station Road, Suite 100, Louisville, KY 40223.

## JURISDICTION AND VENUE

5.The Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has personal jurisdiction over QuinStreet and NarrowCast by virtue of their substantial and continuous contacts with this judicial district, including their ongoing unauthorized use and modification within this judicial district of copyrighted software owned by Cambridge which is the subject of this copyright infringement action.

6.Venue in this Court is based upon 28 U.S.C. §§ 1391 and 1400(a) as the copyright infringement occurred in this judicial district.

## BACKGROUND FACTS

7.Cambridge designs, develops, implements, tests, and maintains web application software for various clients across the United States.

8.On April 1, 2003, Cambridge entered into a written software services and maintenance agreement ("Agreement") with NarrowCast. Pursuant to the Agreement, Cambridge provided design, development, maintenance, and hosting services to NarrowCast in connection with a web-based application called ITBusinessEdge.

9.NarrowCast's website, www.itbusinessedge.com, (now owned and operated by QuinStreet) states that the "IT Business Edge Network is a comprehensive source for the latest global news and information about information technology. It allows users to evaluate, compare and purchase IT products and services."

10. The Agreement was supplemented for additional website development in June of 2007.

11. Pursuant to the Agreement Cambridge developed a proprietary software application it calls Contact.net. Although Cambridge maintained and operated the Contact.net application for NarrowCast under the terms of the Agreement, Cambridge did not transfer ownership of the software and remains the sole and exclusive owner of the copyrights and other intellectual property rights in same.

12. The Contact.net software contains material wholly original with the author and that is copyrightable subject matter under the laws of the United States.

13. The Contact.net software is the subject of two issued copyright registrations—one for the version as it existed as of June 2007 (TXu001786430) and another covering the improvements from 2007 to October 2009 (TXu001786431). A copy of each registration is attached as Exhibits 1 and 2.

14. Upon information and belief, QuinStreet and its subsidiary NarrowCast continue to employ the Contact.net software, or a derivative thereof, to operate the ITBusinessEdge website and supporting administrative software programs, which forms the backbone of QuinStreet and NarrowCast's ongoing business.

15. In August of 2011, QuinStreet acquired 100% of the outstanding equity interests of NarrowCast Group, LLC, in exchange for $24.0 million in cash, to broaden QuinStreet's media access in the business-to-business market. Upon information and belief, QuinStreet now directs the employees and day-to-day operations of the ITBusinessEdge website previously owned and operated by NarrowCast.

16.     Between January 2012 and April 2012, counsel for Cambridge exchanged a series of letters with QuinStreet and its counsel and then with counsel for NarrowCast. Those letters notified each of them of Cambridge's ownership of Contact.net, explaining the basis for that claim, and offering to negotiate a license extension or sale. NarrowCast, however, refused to engage in substantive negotiations with Cambridge.

17.     Frustrated with NarrowCast's refusal to negotiate, on April 26, 2012, Cambridge demanded that QuinStreet and NarrowCast immediately cease all further use of the Contact.net software and any and all derivatives thereof, delete all copies of the software and any and all derivatives from NCG servers.

18.     Despite Cambridge's demands, QuinStreet and NarrowCast continue to use and modify the Contact.net software.

19.     QuinStreet and NarrowCast's continued use and modification of the Contact.net software is willful.

20.     Such rights as NarrowCast may have had, prior to Cambridge's demand, to use the Contact.net software in the operation of its business were non-exclusive, and therefore not assignable without the consent of Cambridge, and therefore QuinStreet's use of the software to operate its business is tantamount to a de facto assignment without the consent of Cambridge.

### CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT

21.     Cambridge realleges each and every allegation set forth in paragraphs 1-20 inclusive, and incorporates them herein by this reference.

22.     By their actions alleged above, QuinStreet and NarrowCast have infringed and will continue to infringe Cambridge's copyrights in the Contact.net software by using and modifying it for their business endeavors.

23. These unauthorized acts constitute copyright infringement under 17 U.S.C. § 501.

24. Cambridge is entitled to an injunction restraining QuinStreet and NarrowCast, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such acts in violation of the copyright laws under 17 U.S.C. § 502.

25. Cambridge is further entitled to recover from QuinStreet and NarrowCast the damages, including costs and attorneys' fees, it has sustained and will sustain, and any gains, profits and advantages obtained by QuinStreet and NarrowCast as a result of their acts of infringement alleged above.  The amount of such damages, gains, profits and advantages cannot be fully ascertained by Cambridge at this time and will be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Cambridge prays for judgment against QuinStreet and NarrowCast as follows:

A. That the Court find that QuinStreet and NarrowCast have infringed Cambridge's copyrights in the Contact.net software.

B. That the Court find a substantial likelihood that QuinStreet and NarrowCast will continue to infringe Cambridge's copyrights in the Contact.net software unless enjoined from doing so.

C. That QuinStreet and NarrowCast, their directors and officers, agents, servants, employees, and all other persons in act of concert or privity or in participation with them, be enjoined from directly or indirectly infringing Cambridge's copyrights in the Contact.net software or continuing to produce, distribute or publish any works derived or copied from the Contact.net software or to participate or assist in any such activity.

    D.    That QuinStreet and NarrowCast be ordered to return to Cambridge any and all originals, copies, facsimiles or duplicates which include the Contact.net software as provided by 17 U.S.C. § 503.

    E.    That judgment be entered for Cambridge and against QuinStreet and NarrowCast for Cambridge's actual damages according to proof, and for any profits attributable to infringements of Cambridge's copyrights in accordance with proof.

    F.    That, in the alternative to actual damages and at the election of Cambridge, judgment be entered for Cambridge and against QuinStreet and NarrowCast jointly and severally for statutory damages based upon each of QuinStreet and NarrowCast's acts of infringement, pursuant to 17 U.S.C. § 502(e)(1).

    G.    That QuinStreet and NarrowCast's infringement be found to be intentional and/or willful and, accordingly, statutory damages increased to $150,000 for infringement of each of the June 2007 work (TXu001786430) and the October 2009 work (TXu001786431) pursuant to 17 U.S.C. § 504(C)(2).

    H.    That QuinStreet and NarrowCast be required to account for all gains, profits, and advantages derived from their acts of infringement and for their other violations of law.

    I.    That Cambridge have judgment against QuinStreet and NarrowCast for Cambridge's costs and attorneys' fees as provided under 17 U.S.C. § 505.

    J.    That the Court grant such other, further and different relief as the Court deems proper under the circumstances.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff Cambridge demands a trial by jury.

Respectfully submitted,

Dated: May 10, 2012

 *s/Brett A. Schatz*
Brett A. Schatz
bschatz@whe-law.com
Trial Attorney
Wood, Herron & Evans LLP.
2700 Carew Tower
Cincinnati, Ohio 45202-2917
Telephone: (513) 241-2324
Fax: (513) 241-6234

Attorneys for Plaintiff Cambridge Business Solutions, Inc.

Of Counsel

P. Andrew Blatt
dblatt@whe-law.com
Stephen E. Gillen
sgillen@whe-law.com
Wood, Herron & Evans LLP.
2700 Carew Tower
Cincinnati, Ohio 45202-2917
Telephone: (513) 241-2324
Fax: (513) 241-6234