UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| CAMBRIDGE BUSINESS SOLUTIONS, INC., a Kentucky corporation )<br>)<br>PLAINTIFF )<br>)<br>v. )<br>)<br>QUINSTREET, INC., a Delaware corporation and NARROWCAST GROUP, LLC, a Kentucky limited liability company )<br>)<br>)<br>)<br>)<br>DEFENDANTS ) | CIVIL ACTION NO. 3:12-CV-243-S |

**DEFENDANTS' JOINT ANSWER
AND
COUNTERCLAIM OF NARROWCAST GROUP, LLC**

For their Answer to the Plaintiff's Complaint, Defendants QuinStreet, Inc. ("QuinStreet") and NarrowCast Group, LLC ("NarrowCast"), by counsel, state as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against these Defendants upon which relief can be granted.

**SECOND DEFENSE**

The claims alleged in Plaintiff's Complaint fail because NarrowCast is the owner of all computer code and/or software developed for, and conveyed to, it by Cambridge, and, therefore, if Cambridge incorporated computer code or software that it refers to as Contact.net into NarrowCast's website operating system or applications as it alleges then

Cambridge conveyed full ownership of Contact.net to NarrowCast pursuant to the terms of their written agreements.

### THIRD DEFENSE

Any changes or modifications made to NarrowCast's computer code, applications, or software during the term of Steve Hardin's employment by NarrowCast are owned by NarrowCast pursuant to the work for hire doctrine.

### FOURTH DEFENSE

Cambridge obtained registrations of copyrights in Contact.net by falsely and fraudulently representing to the U.S. Copyright Office that Cambridge is the owner of the Contact.net code/software.

### FIFTH DEFENSE

The claims alleged in Plaintiff's Complaint have been, in whole or in part, released and waived through the affirmative actions of the Plaintiff and its principal/agent, Steve Hardin.

### SIXTH DEFENSE

The claims alleged in Plaintiff's Complaint are barred, in whole or in part, by principles of estoppel, fraud, laches, and payment. Throughout its performance under the Agreement, and throughout Steve Hardin's performance of his employment contract with NarrowCast, Cambridge and Hardin both acted as if NarrowCast was the assignee and owner of all computer code/software that Cambridge developed for and delivered to NarrowCast, which code/software Hardin continued to develop and modify for NarrowCast. NarrowCast relied on Cambridge and Hardin's representations and course of conduct in continuing its use of the code/software that Cambridge provided and

Cambridge's fraudulent registration of a copyright in work it conveyed to NarrowCast, and its attempt now to appropriate NarrowCast's intellectual property through a fraudulent copyright registration and claim has and will cause injury to NarrowCast.

### SEVENTH DEFENSE

Additionally and/or alternatively, the claims alleged in Plaintiff's Complaint are barred, in whole or in part, by virtue of licenses granted to NarrowCast by Cambridge and its principal/agent, Steve Hardin, in exchange for payment made by NarrowCast.

### EIGHTH DEFENSE

The claims alleged in Plaintiff's Complaint are time-barred, in whole or in part, by the applicable statutes of limitation and repose.

### NINTH DEFENSE

In response to the specific allegations contained in the numerical paragraphs set out in Plaintiff's Complaint, Defendants state as follows:

1. Defendants admit the allegation in paragraph 1 that in this action Plaintiff has alleged a violation of United States copyright laws. Defendants affirmatively deny any and all allegations in the Complaint that they have violated those laws.

2. Defendants presently lack sufficient information to ascertain the truth or falsity of the allegations in paragraph 2 and, therefore, deny them.

3. Defendants admit the allegations in paragraph 3.

4. Defendants admit the allegations in paragraph 4.

5. Defendants admit the allegation in paragraph 5 that this Court has subject matter jurisdiction over the claims alleged in this action and that this Court has personal jurisdiction over them based on their contacts with this judicial district. Defendants deny

the allegations in paragraph 5 that they have engaged in any unauthorized use or modification of copyrighted software owned by Cambridge.

      6.      Defendants admit the allegation in paragraph 6 that this Court is a proper venue for this action but deny the allegation that they have committed a copyright infringement.

      7.      Defendants presently lack sufficient information to ascertain the truth or falsity of the allegations in paragraph 7 and, therefore, deny them.

      8.      Defendants admit that on April 1, 2003 NarrowCast entered into a written agreement with Cambridge under which Cambridge developed custom computer code to the requirements specified by NarrowCast for its IT Business Edge website and that Cambridge provided hosting services for said computer code. Defendants deny the remaining allegations in paragraph 8 and further note that, in accordance with the terms of the Agreement, Cambridge assigned all rights of ownership of the custom computer code, including the source code, to NarrowCast.

      9.      Defendants deny the allegation in paragraph 9 that NarrowCast's website, www.itbusinessedge.com, is "now owned and operated by QuinStreet," but admit the allegation that the quoted statement appears on NarrowCast's www.itbusinessedge.com website.

      10.      Defendants admit the allegation in paragraph 10 that in 2007 Cambridge and NarrowCast entered into a written supplement/amendment of their contract which, together with their April 2003 Agreement, forms the contract between Cambridge and NarrowCast concerning the ownership of computer code/software that Cambridge developed for and delivered to NarrowCast.

11. Defendants deny the allegations in paragraph 11.

12. Defendants deny the allegations in paragraph 12.

13. Defendants admit the allegations in paragraph 13 that copies of registration certificates TXu001786430 and TXu001786431 are attached as Exhibits 1 and 2 of the Complaint and that they evidence registrations of copyrights to computer software that Cambridge called Contact.net in its applications. Defendants deny the validity of said registrations because they were obtained by Cambridge through fraudulent misrepresentation as to the ownership of the copyrighted works, and they affirmatively state that NarrowCast is the true owner of Contact.net and the true holder of the copyright in same.

14. Defendants admit that at present NarrowCast still uses computer code that Cambridge developed for NarrowCast in the operation of NarrowCast's IT Business Edge website and otherwise deny the allegations in paragraph 14.

15. Defendants admit the allegation in paragraph 15 that in August 2011 QuinStreet acquired 100% of the outstanding equity interests in NarrowCast Group, LLC, but denies the remainder of the allegations in paragraph 15.

16. Defendants admit the allegation in paragraph 16 that between January and April 2012 counsel for Cambridge sent letters to QuinStreet and counsel for QuinStreet and NarrowCast advising them that Cambridge was alleging that it was the owner of copyrights in certain software that NarrowCast was allegedly using and that NarrowCast's alleged use of that software allegedly violated a license granted to it by Cambridge. Defendants deny the remainder of the allegations in paragraph 16.

17. Defendants admit the allegation in paragraph 17 that on April 30, 2012 they received a letter from Cambridge's counsel dated April 26, 2012 purporting to immediately cancel a license to use software that Cambridge's counsel referred to as Contact.net, and further demanding that Defendants immediately cease all further use of Contact.net software and any and all derivatives thereof, and that they delete all copies of the software and any and all derivatives from NarrowCast servers. Defendants deny the remainder of the allegations in paragraph 17.

18. Defendants deny the allegations in paragraph 18.

19. Defendants deny the allegations in paragraph 19.

20. Defendants deny the allegations in paragraph 20.

21. In response to the allegations in paragraph 21, Defendants incorporate each of their answers to the preceding paragraphs of the Complaint.

22. Defendants deny the allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25.

26. Any allegation or averment in the Complaint that is not specifically admitted above is denied.

**TENTH DEFENSE**

Defendants reserve their right to amend and assert additional defenses as may be warranted by further investigation and discovery in this action.

WHEREFORE, Defendants QuinStreet and NarrowCast respectfully demand:

A. Entry of a judgment dismissing the claims against them, with prejudice;

  B. An award of their reasonable attorney's fees and costs expended in the defense of this action;

  C. Any and all other relief to which they may appear to be entitled.

## COUNTERCLAIM OF NARROWCAST GROUP, LLC

  For its Counterclaim against Plaintiff Cambridge Business Solutions, Inc., NarrowCast, by counsel, states as follows:

  1. Cambridge and NarrowCast entered into a website development and maintenance agreement in 2003, which agreement was supplemented in 2007 (the "Agreement"), pursuant to which Cambridge agreed that all computer source code that Cambridge developed for and provided to NarrowCast would be owned by NarrowCast.

  2. Pursuant to the Agreement, Cambridge developed and provided source code to NarrowCast for the operation of NarrowCast's IT Business Edge website, www.itbusinessedge.com, and it agreed to transfer and assign all rights of ownership of all such source code, including, but not limited to the copyrights, to NarrowCast.

  3. Under Kentucky law the Agreement included an implied covenant of good faith and fair dealing.

  4. In November 2009, NarrowCast hired Cambridge's principal/owner and agent, Steve Hardin, as an employee to continue the website development and maintenance services previously performed by Hardin's company, Cambridge.

  5. Any computer code that Steve Hardin created for use in connection with www.itbusinessedge.com during his employment by NarrowCast, and any modifications

he made to NarrowCast's code/software during the term of his employment by NarrowCast, became the property of NarrowCast pursuant to the work for hire doctrine.

6. In a letter addressed to NarrowCast's parent and owner, QuinStreet, dated January 6, 2012, counsel for Cambridge stated that Cambridge developed the software application it calls Contact.net "[a]s an incident to" the Agreement between Cambridge and NarrowCast. Contrary to the express terms of the Agreement, however, counsel for Cambridge claimed that Cambridge did not transfer ownership of the software to NarrowCast and claimed that Cambridge remained the owner.

7. Unbeknownst to NarrowCast at the time it received Cambridge's counsel's January 6, 2012 letter, Cambridge had already applied for registration with the United States Copyright Office (the "Copyright Office") of two copyrights in a computer program called Contact.net. Without the knowledge or consent of NarrowCast, Cambridge represented in its applications to the Copyright Office that it was the owner in addition to being the author of Contact.net.

8. On information and belief, Cambridge sought the copyright registrations in Contact.net merely as an antecedent to filing this action.

9. The Copyright Office does not conduct any examination to verify that a copyright applicant is in fact the owner of the work in which it claims and seeks to register copyright. In issuing a copyright, the Copyright Office relies on an applicant's representation that it is the rightful owner of the work for which copyright registration is sought. The integrity of the copyright registration process depends on the integrity of applicants.

10. Based on the terms of the Agreement between Cambridge and NarrowCast and Cambridge's counsel's admission in his letter of January 6, 2012 that Cambridge developed what it is calling Contact.net in the course and scope of its performance of its obligations under the Agreement, Cambridge's representations to the Copyright Office that it was the owner of copyrights in Contact.net were false.

11. NarrowCast is precluded from obtaining copyright registrations for its copyrights in Contact.net due to Cambridge having already obtained registrations of copyrights in that same work.

### Count I – Conversion/Tortious Interference

12. NarrowCast hereby incorporates and realleges paragraphs 1-11 of its Counterclaim.

13. The ability of a copyright owner to obtain registration of its copyrights in the original works of authorship that it owns is a valuable and important facet of its rights of ownership in the works.

14. Cambridge's fraudulent registration of copyright's in NarrowCast's Contact.net code/software deprives NarrowCast of the ability to register copyrights in that same work and it constitutes a cloud on NarrowCast's title to theContact.net code.

15. Cambridge's fraudulent copyright registration constitutes a conversion of NarrowCast's intellectual property.

16. Cambridge's fraudulent copyright registration constitutes a tortious interference with NarrowCast's economic and business interest in having clear, unencumbered title to the intellectual property it owns.

17. NarrowCast is entitled to a judgment declaring Cambridge's copyright registrations pertaining to Contact.net code to be fraudulent and/or void.

18. NarrowCast is entitled to injunctive relief to compel Cambridge to withdraw its copyright registrations and otherwise clear any cloud its actions have imposed on NarrowCast's title in the Contact.net code/software.

19. NarrowCast is entitled to recover from Cambridge punitive damages sufficient to deter Cambridge and others from making fraudulent copyright registrations of works they do not own, thereby wrongfully converting and/or interfering with copyright owner's property rights.

### Count II – Breach of Covenant of Good Faith and Fair Dealing

20. NarrowCast hereby incorporates and realleges paragraphs 1-19 of its Counterclaim.

21. Cambridge's fraudulent registration of copyrights in the Contact.net code/software constitutes a wrongful interference with, and cloud on the title and ownership of the Contact.net code that Cambridge contracted to convey to NarrowCast.

22. Cambridge's wrongful interference with NarrowCast's title and ownership constitutes a breach of an implied covenant of good faith and fair dealing that required it to deliver clear title to Contact.net and to not thereafter interfere with or otherwise cloud or encumber that title.

23. NarrowCast is entitled to specific performance requiring Cambridge to withdraw its copyright registrations and thereby remove the cloud it has imposed on NarrowCast's title to the Contact.net code.

### Count III– Copyright Infringement/Accounting

24. NarrowCast hereby incorporates and realleges paragraphs 1-23 of its Counterclaim.

25. Based on information and belief, Cambridge has sold or licensed to third parties, or is attempting to sell or license to third parties, computer code that it developed for NarrowCast, including but not limited to Contact.net, and which, pursuant to the Agreement, is copyrighted material owned by NarrowCast.

26. Any purported sale, license, or use by Cambridge of NarrowCast's computer code, including but not limited to Contact.net, is, or would be, an infringement of NarrowCast's copyright in the code.

27. NarrowCast is entitled to injunctive relief to stop Cambridge from infringement of its copyright in the Contact.net code.

28. If Cambridge has purported to sell or license the Contact.net code/software to any third party then NarrowCast is entitled to an accounting for and disgorgement of all revenues/profits Cambridge has realized from the purported sales or licenses.

**Count IV – Breach of Contract/Conversion**

29. NarrowCast hereby incorporates and realleges paragraphs 1-28 of its Counterclaim.

30. Any purported sale, license, or use by Cambridge of NarrowCast's computer code, including but not limited to Contact.net, would be a breach of the contractual Agreement between Cambridge and NarrowCast.

31. Any purported sale, license, or use by Cambridge of NarrowCast's computer code, including but not limited to Contact.net, would be a conversion or attempted conversion of NarrowCast's code and its business opportunities.

32. If Cambridge has purported to sell or license the Contact.net code/software to any third party then NarrowCast is entitled to an accounting for and

11

disgorgement of all revenues/profits Cambridge has realized from the purported sales or licenses.

33.   NarrowCast is entitled to specific performance requiring Cambridge to withdraw its copyright registrations and thereby remove the cloud it has imposed on NarrowCast's title to the Contact.net code.

WHEREFORE, Counterclaimant NarrowCast respectfully demands:

A.   That the Court find and declare that NarrowCast is the owner of all copyrights in the Contact.net code/software and all other code that Cambridge and Steve Hardin developed for and delivered to NarrowCast;

B.   That the Court declare Cambridge's registrations of copyrights in the Contact.net code/software were obtained by Cambridge through its materially false and misleading misrepresentations to the United States Copyright Office;

C.   That the Court order Cambridge to withdraw its registrations of copyrights in the Contact.net code/software and/or that it apply to have those registrations rescinded, amended, or transferred to reflect that NarrowCast is the owner of the Contact.net code/software;

D.   That the Court impose punitive damages on Cambridge sufficient to deter it and others from filing fraudulent applications for copyright registration in which they falsely claim ownership of works that they have previously conveyed to others;

E.   That the Court permanently enjoin Cambridge from (1) any and all further infringements of NarrowCast's copyrights in the Contact.net code/software, and (2) any other attempts to fraudulently register copyrights in any of NarrowCast's code/software;

F. That the Court order Cambridge to account to NarrowCast for any revenues it has received from purported sales or licenses of the Contact.net code/software to any third parties;

G. That the Court order Cambridge to disgorge to NarrowCast all revenues it has received from purported sales or licenses of the Contact.net code/software to any third parties;

H. That the Court award NarrowCast such legal damages as will fully compensate it for any injury caused by Cambridge's copyright infringement, breach of contract, breach of covenant of good faith, and/or conversion/tortuous interference;

I. That the Court award NarrowCast its reasonable attorney's fees and costs as the prevailing party in a claim for protection of its copyrights;

J. Any and all other relief to which it may appear to be entitled.

Respectfully submitted,

\_\_/s/ David A. Calhoun_____
David A. Calhoun
Matthew A. Williams
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street, Suite 2800
Louisville, Kentucky 40202-2898
502.589.5235
dcalhoun@wyattfirm.com
mwilliams@wyattfirm.com

*Counsel for Defendants, QuinStreet, Inc. and NarrowCast Group, LLC*

## CERTIFICATE OF SERVICE

      This is to certify that on this the 20th day of July, 2012 the foregoing Answer was filed with the Clerk using the Court's CM/ECF system which will send a notice of electronic filing to:

| | |
|---|---|
| Brett A. Schatz | Paul Andrew Blatt |
| bschatz@whe-law.com | dblatt@whe-law.com |

                                               */s/ David A. Calhoun*
                                               *One of Counsel for Defendants*

60219006.3