IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| CAMBRIDGE BUSINESS SOLUTIONS, INC., a Kentucky corporation, | |
| Plaintiff, | Case No.: 3:12-CV-243-S |
| v. | Judge Charles R. Simpson III |
| QUINSTREET, INC., Delaware corporation and NARROWCAST GROUP LLC, a Kentucky limited liability company, | |
| Defendants. | |

## PLAINTIFF'S ANSWER TO
## NARROWCAST GROUP, LLC'S AMENDED COUNTERCLAIM

Plaintiff Cambridge Business Solutions, Inc. ("Cambridge") responds to Narrowcast Group, LLC's ("NarrowCast") amended counterclaim as follows:

1. Cambridge admits that Cambridge and NarrowCast entered into an agreement in 2003 entitled "Narrowcast Application." Cambridge denies the 2003 agreement was a maintenance agreement. Cambridge admits that Cambridge and NarrowCast entered into another agreement in 2007. The 2007 monthly retainer agreement was canceled at the election of Narrowcast by notice to Cambridge dated February 27, 2009, and effective April 13, 2009. Cambridge denies the remaining allegations of paragraph 1 of the amended counterclaim.

2. Cambridge admits that it developed and provided source code to NarrowCast for the sole purpose of deploying that source code on production servers so site visitors could access NarrowCast's IT Business Edge website, www.itbusinessedge.com, and so that site operators

1

could perform site administration.  The source code repository was not made accessible to NarrowCast, and thus it was not accessible to NarrowCast in-house programmers in a way that would have anticipated in-house modification, until after Steve Hardin became employed by NarrowCast.  Subsequent to Steve Hardin's hiring in 2009, the Contact.net source code repository containing www.itbusinessedge.com software never existed on servers owned or administered by NarrowCast.  Upon information and belief, after QuinStreet fired Steve Hardin in August 2011, one or more QuinStreet employees copied the latest version it had of the Contact.net source code into a new source code repository residing on a server QuinStreet owned or controlled.  This allowed QuinStreet's software developers to make and track unauthorized modifications to Contact.net.  Cambridge denies the remaining allegations of paragraph 2 of the amended counterclaim.

   3. There is no factual allegation in paragraph 3 of the amended counterclaim that requires a response.  To the extent paragraph 3 is construed to state a factual allegation, Cambridge denies it.

   4. Cambridge admits that in October 2009, NarrowCast hired Steve Hardin, the owner and president of Cambridge, as an employee to continue the website development and maintenance services previously performed by Cambridge.  Cambridge denies the remaining allegations of paragraph 4 on the amended counterclaim.

   5. Admitted.

   6. Cambridge admits that counsel for Cambridge sent a letter dated January 6, 2012, ("January 6 Letter") to NarrowCast's parent and owner, QuinStreet.  The remainder of paragraph 6 of the amended counterclaim provides NarrowCast's interpretation of the January 6 Letter.

Cambridge does not respond to NarrowCast's interpretation as the January 6 Letter speaks for itself.

7. Cambridge admits that prior to sending the January 6 Letter, Cambridge had applied for registration with the U.S. Copyright Office ("Copyright Office") for each of two sequentially dated versions of a computer program called Contact.net. Cambridge further admits that it represented in its application to the Copyright Office that it was the owner and author of Contact.net. Cambridge is without sufficient knowledge of what NarrowCast knew about the copyright applications, and therefore denies same. Cambridge denies that it needed NarrowCast's consent for the copyright applications.

8. Denied as stated.

9. Denied.

10. Denied.

11. Denied.

12. Cambridge incorporates by reference its responses above to paragraphs 1-11 of the amended counterclaim.

13. There is no factual allegation in paragraph 13 of the amended counterclaim that requires a response. To the extent paragraph 13 is construed to state a factual allegation, Cambridge denies it.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Cambridge incorporates by reference its responses above to paragraphs 1-19 of the amended counterclaim.

21. Denied.

22. Denied.

23. Denied.

24. Cambridge incorporates by reference its responses above to paragraphs 1-23 of the amended counterclaim.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Cambridge incorporates by reference its responses above to paragraphs 1-28 of the amended counterclaim.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## AFFIRMATIVE DEFENSES

By and for its affirmative defenses, Cambridge states as follows:

### First Affirmative Defense

34. NarrowCast's amended counterclaim fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

35.  Counts I, II, and IV of NarrowCast's amended counterclaim are preempted by 17 U.S.C. § 301.

**Third Affirmative Defense**

36.  The Court does not have subject matter jurisdiction over count III of NarrowCast's amended counterclaim under 17 U.S.C. § 411(a) because NarrowCast has not obtained or attempted to obtain a copyright registration for the copyright claim it purports to assert.

**Fourth Affirmative Defense**

37.  NarrowCast cannot recover punitive damages or attorney fees for Counts II and IV of NarrowCast's amended counterclaim because those two counts are based on breach of contract and such recoveries are not permitted for breach of contract.

WHEREFORE, Cambridge requests that judgment be entered in its favor and against NarrowCast on each and every count of its amended counterclaim, together with an award of attorney fees and costs to Cambridge.

Respectfully submitted,

Dated:  August 13, 2012         /s/ P. Andrew Blatt
                                Brett A. Schatz
                                bschatz@whe-law.com
                                Trial Attorney
                                P. Andrew Blatt (admitted *Pro Hac Vice*)
                                dblatt@whe-law.com
                                Wood, Herron & Evans LLP.
                                2700 Carew Tower
                                Cincinnati, Ohio 45202-2917

        Telephone: (513) 241-2324
        Fax: (513) 241-6234

        Attorneys for Plaintiff Cambridge Business
        Solutions, Inc.

<u>Of Counsel</u>

Stephen E. Gillen
sgillen@whe-law.com
Wood, Herron & Evans LLP.
2700 Carew Tower
Cincinnati, Ohio 45202-2917
Telephone: (513) 241-2324
Fax: (513) 241-6234

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **PLAINTIFF'S ANSWER TO NARROWCAST GROUP, LLC'S AMENDED COUNTERCLAIM** was filed electronically on this 13th day of August 2012.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ P. Andrew Blatt*