IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| CAMBRIDGE BUSINESS SOLUTIONS, INC., a Kentucky corporation,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>QUINSTREET, INC., Delaware corporation and NARROWCAST GROUP LLC, a Kentucky limited liability company,<br><br>　　　　　Defendants. | Case No.: 3:12-CV-243-S<br><br>Judge Charles R. Simpson III |

**PLAINTIFF'S CONFERENCE STATEMENT**

Per Section IV of the Court's Order (Dkt. 17), Plaintiff Cambridge Business Solutions, Inc. ("Cambridge") submits this Conference Statement.

**I.     SUMMARY OF THE CASE**

This is a copyright infringement case. Cambridge's Complaint (Dkt. 1) sets forth the background for its copyright infringement claim against defendant NarrowCast Group LLC and defendant QuinStreet, Inc. By way of summary, Cambridge designs, develops, implements, tests, and maintains web application software for various clients across the United States. In 2003, Cambridge entered into a written software services and maintenance agreement ("Agreement") with NarrowCast to provide design, development, maintenance, and hosting services to NarrowCast in connection with a web-based application called ITBusinessEdge. The Agreement was for services only. No ownership interest or exclusive right in the software (called "Contact.net") was transferred to NarrowCast. NarrowCast's website,

1

www.itbusinessedge.com, (with the URL now owned by, and the website operated by, QuinStreet) allows users to evaluate, compare, and purchase IT products and services.

The original Agreement was supplemented in 2007.  This Agreement, as supplemented, was terminated by NarrowCast by letter of February 27, 2009 to Cambridge, effective as of April 13, 2009.  Although Cambridge maintained and operated the Contact.net application for NarrowCast under the terms of the Agreement, Cambridge did not transfer ownership of the copyrights or other intellectual property rights in the software and remains the sole and exclusive owner of the copyrights and other intellectual property rights in same.  The Contact.net software is the subject of two issued copyright registrations, one for each of two successive versions.

QuinStreet and its subsidiary NarrowCast continue, without authorization, to employ the Contact.net software, or a derivative thereof, to operate the ITBusinessEdge website and supporting administrative software programs, which forms the backbone of QuinStreet and NarrowCast's ongoing business.

Between January 2012 and April 2012, counsel for Cambridge exchanged a series of letters with QuinStreet and its counsel and then with counsel for NarrowCast.  Those letters notified each of them of Cambridge's ownership of Contact.net, explaining the basis for that claim, and offering to negotiate a license extension or sale.  NarrowCast, however, refused to engage in substantive negotiations with Cambridge.  Frustrated with NarrowCast's refusal to negotiate, on April 26, 2012, Cambridge demanded that QuinStreet and NarrowCast immediately cease all further use of the Contact.net software and any and all derivatives thereof and delete all copies of the software and any and all derivatives from NCG servers.  In any event, Cambridge never consented to any QuinStreet's actual or de facto exercise of rights in the Contact.net

software. QuinStreet and NarrowCast's use and modification of the Contact.net software constitute willful copyright infringement.

## II. CAMBRIDGE'S POSITION OF AGENDA ITEMS

### A. The Formulation and Simplification of Issues

The copyright infringement claim against NarrowCast and QuinStreet is straight-forward. Consequently, Cambridge does not foresee a need to simplify the issues associated with the copyright infringement claim.

### B. Admission of Facts, Stipulations, and Avoidance of Cumulative Evidence

Cambridge expects to serve requests for admission during discovery. Cambridge does not anticipate an issue with cumulative evidence.

### C. Consideration of the Discovery Plan and Review of the Automatic Initial Required Disclosures

The parties have agreed to all dates presented in the Litigation Plan and Discovery Schedule (Dkt. 25). Because there are two defendants and several identified witnesses as indicated in Cambridge's initial disclosures, Cambridge asked permission in the Discovery Schedule to take up to 20 depositions.

### D. Possibility of Settlement

The parties have a settlement conference with Magistrate Whalin on November 30, 2012. *See* Dkt. 21.

### E. Need to Adopt Special Procedures for Managing Potentially Difficult or Complex Issues

Cambridge does not believe special procedures are needed as it does not expect any difficult or complex issues that cannot be addressed through the Federal Rules of Civil Procedure or the Local Rules.

III.  **SUGGESTIONS TO FACILITATE A JUST, SPEEDY , AND INEXPENSIVE DISPOSITION OF THIS MATTER**

This matter should proceed efficiently if the parties adhere to the Federal Rules of Civil Procedure, the Local Rules, and the Scheduling Order to be issued by the Court.

Respectfully submitted,

Dated:  October 17, 2012

/s/ *P. Andrew Blatt*
Brett A. Schatz
bschatz@whe-law.com
P. Andrew Blatt (admitted Pro Hac Vice)
dblatt@whe-law.com
Stephen E. Gillen (admitted Pro Hac Vice)
sgillen@whe-law.com
WOOD, HERRON & EVANS, LLP
2700 Carew Tower
Cincinnati, Ohio 45202-2917
Tel.: (513) 241-2324
Fax: (513) 241-6234

Attorneys for Plaintiff Cambridge Business Solutions, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **PLAINTIFF'S CONFERENCE STATEMENT** was filed electronically on this 17th day of October, 2012. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                             */s/ P. Andrew Blatt*