UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE

| | |
|---|---|
| CAMBRIDGE BUSINESS SOLUTIONS, INC. ) ) | |
| PLAINTIFF ) ) | |
| v. ) ) | Civil Action No. 3:12-CV-00243-CRS |
| QUINSTREET, INC., et al ) ) | |
| DEFENDANTS ) | |

**CONFERENCE STATEMENT OF DEFENDANTS,
QUINSTREET, INC. AND NARROWCAST GROUP, LLC**

      Per Section IV of the Court's Order (DN 17), Defendants QuinStreet, Inc. and NarrowCast Group, LLC ("NarrowCast") submit this Conference Statement.

1.      <u>Summary of the Case:</u>

      The Plaintiff, Cambridge Business Solutions, Inc. ("Cambridge") claims the Defendants are infringing copyrights that Cambridge claims to own. Defendants deny that they have infringed or are infringing the alleged copyrights. Cambridge was hired by NarrowCast in 2003 to develop software/computer source code for use by NarrowCast in operating a website called IT Business Edge (itbusinessedge.com). The parties agreed at that time that NarrowCast would own the source code, including any copyrights in the software/code. NarrowCast paid Cambridge a fee for writing the code, and Cambridge delivered the source code for itbusinessedge.com to NarrowCast on or about June 16, 2003. Soon thereafter, NarrowCast commenced using the code to operate itbusinessedge.com.

      On occasions thereafter, NarrowCast engaged Cambridge to make modifications to NarrowCast's itbusinessedge.com source code. This work was performed pursuant to separate

contracts and Cambridge was paid for the work. At no time did Cambridge ask for, or receive, payment of any license fee or royalty in connection with NarrowCast's use of the source code written by Cambridge.

By June 2007, NarrowCast's need to have modifications made to its source code became more frequent, and it became concerned about Cambridge's responsiveness when changes were needed. NarrowCast proposed to engage Cambridge to provide code modification services on a monthly retainer basis for a monthly retainer fee of $12,000 per month. Cambridge accepted the offer. The parties memorialized the terms of their agreement by a letter agreement dated June 15, 2007, which was executed by Cambridge on June 24, 2007. In addition to the terms of the retainer agreement, the parties included within this agreement a memorandum of their previous agreements that NarrowCast owned all source code that Cambridge had provided, and that the same agreement on ownership applied to all code Cambridge provided while working under the retainer agreement. This June 2007 agreement satisfied the Copyright Act's requirement that copyright assignments be set out in a writing.

After providing the notice required under the 2007 retainer agreement NarrowCast terminated that agreement effective April 13, 2009. It ceased payment of the monthly service retainers, but it continued to operate itbusinessedge.com using the source code provided to it by Cambridge, including subsequent modifications made for NarrowCast by Cambridge. Despite the termination of the retainer agreement, Cambridge never made any demand for a license fee or royalty on account of NarrowCast's continued use of the code, and did not assert that NarrowCast was infringing Cambridge's copyrights or that NarrowCast was required to cease the use of the code.

On or about October 26, 2009, NarrowCast hired the owner of Cambridge, Steve Hardin, as an employee. Mr. Hardin continued to work as a salaried employee of NarrowCast until August 2011 when the owners of NarrowCast conveyed their ownership interests to QuinStreet, Inc. in a reverse merger transaction that closed on August 25, 2011. As a result of the merger, NarrowCast Group, LLC became a wholly owned subsidiary of QuinStreet, although NarrowCast continues its existence as a Kentucky limited liability company. QuinStreet decided not to retain a number of NarrowCast's employees after the merger. Steve Hardin was one of the NarrowCast employees whose employment by NarrowCast was terminated on account of the merger.

Since the August 2011 merger NarrowCast has continued to operate itbusinessedge.com. QuinStreet decided in conjunction with the merger to cease using the existing itbusinessedge.com source code in the near future and to replace it with code written in a computer language that QuinStreet used in operating other websites. Between January and May 2012, events occurred that led QuinStreet to accelerate its plans to cease use of the old itbusinessedge.com code and replace it with the new code.

On or about January 6, 2012, QuinStreet received a letter from Cambridge's current legal counsel denying that Cambridge had transferred ownership of the itbusinessedge.com code to NarrowCast, and claiming instead that Cambridge had merely granted NarrowCast a "gratis" license to use the code. Cambridge, its counsel wrote in his January 6 letter, was now "contemplating the termination of that license" adding that Cambridge was "open to considering either an extension of the license on arm's length market terms or an outright sale." Cambridge demanded payment of $1.5 million for transfer of its claimed copyright in the code, code which, according to its lawyer, it had previously licensed

3

NarrowCast to use for free. NarrowCast's owner, QuinStreet, was not interested in buying or licensing computer source code that NarrowCast had already bought and paid for, and so it declined Cambridge's invitation.

On April 26, 2012, Cambridge's counsel wrote to NarrowCast's counsel purporting to terminate NarrowCast's "gratis" license. Since QuinStreet already intended to cease using the source code that Cambridge had developed and to replace it with code written in a language compatible with QuinStreet's other platforms, QuinStreet responded to Cambridge's purported termination by accelerating its transition plan. Work began in May 2012 to replace the code. This process was completed on August 12, 2012 when NarrowCast ceased using the Cambridge provided code to operated itbusinessedge.com and began using code written by QuinStreet programmers.

Cambridge's copyright claim fails because it had previously transferred to NarrowCast all ownership and all copyrights in the code that it wrote for, and delivered to NarrowCast. In addition, by purporting to register copyrights in that code, and by filing this suit, Cambridge has breached its June 2007 contract with NarrowCast. NarrowCast seeks to recover its attorney's fees both under the Copyright Act and as damages for breach of contract. As a minimum, NarrowCast indisputably held a license to use the code which Cambridge did not claim to terminate until April 26, 2012. Since the license terms were implied, NarrowCast was entitled to reasonable notice to cease use. NarrowCast's cessation of use on August 12, 2012 was within a reasonable time after Cambridge purported to terminate the license. Any way this case is viewed, neither Defendant has infringed Cambridge's claimed copyrights.

2. <u>Defendants' Position on Scheduling Conference Agenda Items</u>:

   (1) <u>The formulation and simplification of the issues</u>:
   Defendants believe this is a straightforward contract case.

   (2) <u>Admissions of fact, stipulations, and avoidance of cumulative evidence</u>:
   Defendants may serve requests for admission. They do not anticipate an issue with cumulative evidence.

   (3) <u>Consideration of the discovery plan and review of the automatic initial required disclosures</u>:
   The parties have filed a proposed Litigation Plan and Discovery Schedule [DN 25].

   (4) <u>The possibility of settlement or the use of alternative methods of dispute resolution, including mediation</u>:
   The parties have scheduled a settlement conference with Magistrate Judge Whalin on November 30, 2012.

   (5) <u>The need to adopt special procedures for managing potentially difficult or complex issues</u>:
   Defendants do not presently anticipate a need for special procedures.

3. <u>Suggestions to Facilitate a Just, Speedy and Inexpensive Disposition of This Matter</u>:

   Defendants have no suggestions at this time.

Respectfully submitted,

 s / *David A. Calhoun*
David A. Calhoun
Matthew A. Williams
J. Brooken Smith
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street, Suite 2800
Louisville, Kentucky 40202-2898
Phone: (502) 589.5235
Facsimile: (502) 589-0309

***Counsel for Defendants, Quinstreet, Inc. and Narrowcast Group, LLC***

## CERTIFICATE OF SERVICE

This is to certify that on this the 18th day of October, 2012 the foregoing Conference Statement was filed with the Clerk using the Court's CM/ECF system which will send a notice of electronic filing to all parties of record:

| Brett A. Schatz | Paul Andrew Blatt | Stephen E. Gillen |
| --- | --- | --- |
| bschatz@whe-law.com | dblatt@whe-law.com | sgillen@whe-law.com |

s / *David A. Calhoun*
David A. Calhoun

60248441.1