UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE

*Electronically Filed*

| | |
|---|---|
| CAMBRIDGE BUSINESS SOLUTIONS, INC. ) ) ) PLAINTIFF ) ) v. ) ) QUINSTREET, INC., et al ) ) DEFENDANTS ) | Civil Action No. 3:12-CV-00243-CRS |

### DEFENDANTS' JOINT ANSWER TO
### PLAINTIFF'S FIRST AMENDED COMPLAINT WITH JURY DEMAND

For their Answer to the Plaintiff's First Amended Complaint With Jury Demand, Defendants QuinStreet, Inc. ("QuinStreet") and NarrowCast Group, LLC ("NarrowCast"), by counsel, state as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against these Defendants upon which relief can be granted.

### SECOND DEFENSE

The claims alleged in Plaintiff's Complaint fails because NarrowCast is the owner of all computer code and/or software developed for, and conveyed to, it by Cambridge, and, therefore, if Cambridge incorporated computer code or software that it refers to as Contact.net into NarrowCast's website operating system or applications as it alleges, then Cambridge conveyed full ownership of Contact.net to NarrowCast pursuant to the terms of their written agreements.

## THIRD DEFENSE

Any changes or modifications made to NarrowCast's computer code, applications, or software during the term of Steve Hardin's employment by NarrowCast are owned by NarrowCast pursuant to the work for hire doctrine.

## FOURTH DEFENSE

Cambridge obtained registrations of copyrights in Contact.net by falsely and fraudulently representing to the U.S. Copyright Office that Cambridge is the owner of the Contact.net code/software.

## FIFTH DEFENSE

The claims alleged in Plaintiff's Complaint have been, in whole or in part, released and waived through the affirmative actions of the Plaintiff and its principal/agent, Steve Hardin.

## SIXTH DEFENSE

The claims alleged in Plaintiff's Complaint are barred, in whole or in part, by principles of estoppel, fraud, laches, and payment.  Throughout its performance under the Agreement, and throughout Steve Hardin's performance of his employment contract with NarrowCast, Cambridge and Hardin both acted as if NarrowCast was the assignee and owner of all computer code/software that Cambridge developed for and delivered to NarrowCast, which code/software Hardin continued to develop and modify for NarrowCast.  NarrowCast relied on Cambridge and Hardin's representations and course of conduct in continuing its use of the code/software that Cambridge provided and Cambridge's fraudulent registration of a copyright in work it conveyed to NarrowCast, and its attempt now to appropriate NarrowCast's intellectual property through a fraudulent copyright registration and claim has and will cause injury to NarrowCast.

## SEVENTH DEFENSE

Additionally and/or alternatively, the claims alleged in Plaintiff's Complaint are barred, in whole or in part, by virtue of licenses granted to NarrowCast by Cambridge and its principal/agent, Steve Hardin, in exchange for payment made by NarrowCast.

## EIGHTH DEFENSE

The claims alleged in Plaintiff's Complaint are time-barred, in whole or in part, by the applicable statutes of limitation and repose.

## NINTH DEFENSE

Plaintiff's claims that Defendants' new replacement code infringes the Plaintiff's alleged copyrights is based on the legally erroneous contention that a copyright protects functional aspects of the source code in which Plaintiff claims to hold copyrights. To the extent Plaintiff alleges Defendants copied functional aspects of the code in which Plaintiff claims to hold copyrights, those allegations fail to state a claim as a matter of law.

## TENTH DEFENSE

Plaintiff's claims that Defendants' new replacement code infringes the Plaintiff's alleged copyrights are barred, in whole or part, by the doctrines of scenes a faire and/or merger.

## ELEVENTH DEFENSE

In response to the specific allegations contained in the numerical Paragraphs set out in Plaintiff's Amended Complaint, Defendants state as follows:

1. Defendants admit the allegation in Paragraph 1 that in this action Plaintiff has alleged a violation of United States copyright laws. Defendants affirmatively deny any and all allegations in the Amended Complaint that they have violated those laws.

2. Defendants presently lack sufficient information to ascertain the truth or falsity of the allegations in Paragraph 2 and, therefore, deny them.

3. Defendants admit the allegations in Paragraph 3.

4. Defendants admit the allegations in Paragraph 4.

5. Defendants admit the allegation in Paragraph 5 that this Court has subject matter jurisdiction over the claims alleged in this action and that this Court has personal jurisdiction over them based on their contacts with this judicial district. Defendants deny the allegations in Paragraph 5 that they have engaged in any unauthorized use or modification of copyrighted software owned by Cambridge.

6. Defendants admit the allegation in Paragraph 6 that this Court is a proper venue for this action but deny the allegation that they have committed a copyright infringement.

7. Defendants presently lack sufficient information to ascertain the truth or falsity of the allegations in Paragraph 7 and, therefore, deny them.

8. Defendants admit that on April 1, 2003, NarrowCast entered into a written agreement with Cambridge under which Cambridge developed custom computer code to the requirements specified by NarrowCast for its IT Business Edge website. Defendants deny the remaining allegations in Paragraph 8 and further note that, in accordance with the terms of the Agreement, Cambridge assigned all rights of ownership of the custom computer code, including the source code, to NarrowCast.

9. Defendants deny the allegation in Paragraph 9 that NarrowCast's website, www.itbusinessedge.com, is "now owned and operated by QuinStreet," but admit the allegation that the quoted statement appears on NarrowCast's www.itbusinessedge.com website.

10. In response to the allegations in Paragraph 10, Defendants admit that in 2007 Cambridge and NarrowCast entered into a written contract which, among other things, memorialized and reaffirmed their previous agreement that Cambridge had and would assign to NarrowCast the full ownership, including copyrights, of all computer code/software that Cambridge developed for and delivered to NarrowCast, including any modification of said code/software. To the extent Plaintiff alleges in Paragraph 10 that the June 2007 contract was a supplement to the parties' written 2003 contract, Defendants deny the allegation.

11. Defendants deny the allegations in Paragraph 11.

12. Defendants deny the allegations in Paragraph 12.

13. Defendants admit the allegations in Paragraph 13 that copies of registration certificates TXu001786430 and TXu001786431 are attached as Exhibits 1 and 2 of the Complaint and that they evidence registrations of copyrights to computer software that Cambridge called Contact.net in its applications. Defendants deny the validity of said registrations because they were obtained by Cambridge through fraudulent misrepresentation as to the ownership of the copyrighted works, and they affirmatively state that NarrowCast is the true owner of Contact.net and the true holder of the copyright in same.

14. Defendants deny the allegation in Paragraph 14 that QuinStreet employed the computer code/software at issue in its operations except to the extent that NarrowCast has been a wholly-owned subsidiary of QuinStreet since August 25, 2011. At the time they filed their Amended Joint Answer and Amended Counterclaim herein, NarrowCast was still using the computer code/software that Cambridge developed for it in operating NarrowCast's IT Business Edge website. NarrowCast discontinued all use of that computer code/software on August 12, 2012. Defendants, therefore, now deny all of the allegations in Paragraph 14.

15. Defendants admit the allegation in paragraph 15 that in August 2011, QuinStreet acquired 100% of the outstanding equity interests of NarrowCast Group, LLC. Defendants admit that QuinStreet acquired NarrowCast, in part, to expand its reach and capabilities in delivering targeted, measurable marketing results to business to business (B2B) technology marketers. Defendants affirmatively state that, since August 25, 2011, NarrowCast has remained an operating Kentucky limited liability company, that it has been a wholly owned subsidiary of QuinStreet, that it has been directed and operated as such, and that NarrowCast has obtained labor services from QuinStreet as well as from third party contractors. Defendants deny the remainder of the allegations in paragraph 15.

16. Defendants admit the allegation in Paragraph 16 that between January and April 2012 counsel for Cambridge sent letters to QuinStreet and counsel for QuinStreet and NarrowCast advising them that Cambridge was alleging that it was the owner of copyrights in certain software that NarrowCast was allegedly using and that NarrowCast's alleged use of that software allegedly violated a license granted to it by Cambridge. Defendants deny the remainder of the allegations in Paragraph 16.

17. Defendants admit the allegation in Paragraph 17 that on April 30, 2012, they received a letter from Cambridge's counsel dated April 26, 2012 purporting to immediately cancel a license to use software that Cambridge's counsel referred to as Contact.net, and further demanding that Defendants immediately cease all further use of Contact.net software and any and all derivatives thereof, and that they delete all copies of the software and any and all derivatives from NarrowCast servers. Defendants deny the remainder of the allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants admit the allegation that NarrowCast continues to operate the IT Business Edge website and that QuinStreet planned before the August 25, 2011 merger that its acquired subsidiary NarrowCast would, in the near future, cease using and replace the source code for the website with a code written in computer language that QuinStreet used in operating other websites. Defendants deny the remainder of the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22 that after the acquisition NarrowCast ceased to operate, contribute to, and/or maintain the .NET software/code at issue and that such work was performed at QuinStreet-owned facilities. Defendants affirmatively state that because the acquisition was structured as a reverse triangular merger, NarrowCast continues to exist as a separate legal entity and retains ownership over its assets. Defendants further state that all post-acquisition work on the code/software was performed at NarrowCast's facility in Louisville, Kentucky. Defendants admit that post-acquisition work on the software/code was performed by employees of QuinStreet and/or Savano on NarrowCast's behalf. Defendants further admit that after the acquisition, QuinStreet registered NarrowCast's URLs in its own name for administrative convenience. Defendants deny any remaining allegations in Paragraph 22.

23. Defendants deny the allegation in Paragraph 23 that work began in May 2012 to replace the source code developed by Cambridge. Defendants affirmatively state that QuinStreet decided to change the IT Business Edge website from a .NET to a PHP framework before the closing of the merger deal by which QuinStreet acquired ownership of NarrowCast, and that, at a minimum, planning for the migration began before May 2012.

24. Defendants admit the allegation in Paragraph 24 that the new replacement code was written by QuinStreet programmers. Defendants deny the remainder of the allegations in Paragraph 24.

25. Defendants deny the allegations in Paragraph 25 that many of the QuinStreet programmers who wrote the new PHP replacement code worked on, were familiar with, or had unfettered access to the old .NET code. Defendants affirmatively state that none of the programmers who wrote the new PHP code worked on or were familiar with the old .NET code. Defendants admit only that some of the QuinStreet programmers who wrote the new PHP code could have accessed the .NET code if they had chosen to, but affirmatively state that none of them ever accessed the .NET code and that none of them had any familiarity with the .NET code or the .NET framework. Defendants deny the remainder of the allegations contained in Paragraph 25.

26. Defendants admit the allegation in Paragraph 26 that on August 12, 2012, NarrowCast discontinued all use of the computer code/software that Cambridge developed. Defendants deny any remaining allegations in Paragraph 26.

27. In response to the allegation in Paragraph 27, Defendants state that NarrowCast's use of the PHP replacement code since August 12, 2012, has been purposeful, but they deny the apparent allegation that such use constitutes a willful copyright infringement.

28. In response to the allegations in Paragraph 28, Defendants incorporate each of their answers to the preceding Paragraphs of the Complaint.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

8

32. Defendants deny the allegations in Paragraph 32.

33. In response to the allegations in Paragraph 33, Defendants incorporate each of their answers to the preceding Paragraphs of the Complaint.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Any allegation or averment in the Complaint that is not specifically admitted above is denied.

39. Defendants incorporate and adopt their Amended Counterclaim herein.

## **TWELFTH DEFENSE**

Defendants reserve their right to amend and assert additional defenses as may be warranted by further investigation and discovery in this action.

WHEREFORE, Defendants QuinStreet and NarrowCast respectfully demand:

A. Entry of a judgment dismissing the claims against them, with prejudice;

B. An award of their reasonable attorney's fees and costs expended in the defense of this action;

C. Jury trial on all issues so triable;

D. All relief requested in their Amended Counterclaim; and

E. Any and all other relief to which they may appear to be entitled.

Respectfully submitted,

 s / *J. Brooken Smith*
David A. Calhoun
dcalhoun@wyattfirm.com
Lisa C. DeJaco
ldejaco@wyattfirm.com
J. Brooken Smith
bsmith@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street, Suite 2800
Louisville, Kentucky 40202-2898
Phone: (502) 589.5235
Facsimile: (502) 589-0309

***Counsel for Defendants, QuinStreet, Inc. and Narrowcast Group, LLC***

## CERTIFICATE OF SERVICE

    I hereby certify that on **November 21, 2012** I electronically filed the foregoing Defendants' Joint Answer to Plaintiff's First Amended Complaint With Jury Demand with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to the following:

| | |
|---|---|
| Brett A. Schatz<br>bschatz@whe-law.com | Paul Andrew Blatt<br>dblatt@whe-law.com |
| Stephen E. Gillen<br>sgillen@whe-law.com | |

 s / *J. Brooken Smith*
***One of Counsel for Defendants***

60283723.3